**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **C.A. NO. C-08-06** |
| | § | |
| **BENITO B. MARTINEZ,** | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION**
**FOR SUBSTITUTED SERVICE**

Plaintiff United States of America seeks recovery from defendant for defaulting on a student loan guaranteed by the Department of Education (D.E. 1).  Pending is the United States' motion for substituted service (D.E. 4).  Plaintiff has shown it is entitled to substituted service, and the motion (D.E. 4) is granted.

**Applicable Law**

The Federal Rules of Civil Procedure provide for service, including substitute service, upon individuals within the judicial district as follows:

(2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e)(2).  According to the affidavit provided by the process server in this case, personal service was attempted but not successful on January 23, 24, 26, and 28, 2008 (D.E. 4, Exh. 1).  Defendant's wife confirmed over the telephone that defendant resided at that location, but provided no assistance to the process server to effect personal service (*Id.*).

The Federal Rules of Civil Procedure also permit service of process within the Southern District of Texas in any manner allowed by Texas law.  FED. R. CIV. P. 4(e)(1).  The Texas rule directs service upon individuals as follows:

(a) Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by

(1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or

(2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.

TEX. R. CIV. P. 106(a).  Substituted service is allowed only by court order after unsuccessful attempts at service pursuant to the rule:

(b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service

(1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or

(2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106(b)(1).  In this case, the process server submitted an affidavit stating under oath that she attempted personal service at the address on the summons on five occasions by visiting the home three times when no one was home, visiting once when only a young child was available who refused to wake up his father, speaking once by phone to the defendant's wife and requesting but not receiving a time when her husband would be home, and later leaving a note at the home with her telephone number requesting, but not receiving, a return call (D.E. 4, Exh. 1).  The process server confirmed that the defendant lives at the address on the summons (Id.).  Service pursuant to TEX. R. CIV. P. 106(a)(1) was attempted at the address in the affidavit and on the summons, but was not successful. Plaintiff is requesting that it be allowed, pursuant to  TEX. R. CIV. P. 106(b)(2) to mail the summons and complaint via first class mail and to attach the summons and complaint to the front entrance of the home located at the address in the affidavit or to leave the summons with someone 21 years or older who is at the home.[1]

Plaintiff has met its burden of demonstrating that personal service was attempted but failed, and that reasonably effective notice of this suit can be given via substituted service. Plaintiff is granted permission to serve the summons and complaint by mailing a copy of the summons and complaint to the address in the affidavit via first class mail, postage prepaid, and by (1) securely posting the summons and complaint to the front entrance of the defendant

---

[1]A court order is not needed to leave the summons and complaint with someone who resides at the residence and is of suitable age and discretion. Fed. R. Civ. P. 4(e)(2).

3

Martinez's usual place of abode at 1010 Kleberg Street, Alice, Texas 78332, or (2) by leaving it with someone 21 years of age or older at the residence.

ORDERED this 28th day of February, 2008.


_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE